# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 8614 | **DATE** | 6/25/2004 |
| **CASE TITLE** | Directv, Inc. vs. Martin Bjornson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion to dismiss Counts III and V of Directv's complaint is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 2004 JUN 25 PM 4:59 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 8614 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| MARTIN BJORNSON, | ) | District Judge |
| | ) | |
| Defendant. | ) | |

DOCKETED JUN 2 8 2004

## MEMORANDUM, OPINION AND ORDER

Plaintiff DirecTV, Inc. ("DirecTV") has filed a five-count complaint against Martin Bjornson alleging violations of provisions of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, as well as conversion under Illinois law. Bjornson has moved to dismiss Counts III and V of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we grant the motion to dismiss.

## BACKGROUND

For purposes of this motion, the following facts are taken as true. DirecTV is one of the nation's leading direct satellite broadcast systems distributing digitalized audio and video signals to approximately 11 million subscribers nationwide. DirecTV's satellite transmissions are encrypted to prevent unauthorized viewing of its programming. These transmissions may be lawfully viewed only by subscribers who have purchased specialized receiving equipment from DirecTV or on a pay-per-view basis. DirecTV's satellite receivers contain an access card developed specifically for the DirecTV satellite system. This access card stores information and permits DirecTV's customers to view the programming for which they have paid.

In its complaint, DirecTV alleges that various companies and individuals have engaged in the sale and manufacture of devices designed to unscramble DirecTV's encryption measures allowing purchasers to view DirecTV's programming without paying subscription or pay-per-view fees. In Count III of its complaint, DirecTV claims that it is entitled to civil remedies for Bjornson's alleged possession of such an unscrambling device in violation of 18 U.S.C. § 2512 of the Electronic Communications Privacy Act. Count V of DirecTV's complaint is based Bjornson's alleged conversion of DirecTV's satellite signals. Bjornson has moved to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## DISCUSSION

### I.  Private Right of Action under 18 U.S.C. § 2512

In his motion to dismiss, Bjornson has asserted that Count III of DirecTV's complaint should be dismissed because there is no civil cause of action for possession of equipment under 18 U.S.C. § 2512 of the Electronic Communications Privacy Act. This section provides that a

2

person commits a federal crime if he intentionally "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications . . . ." 18 U.S.C. § 2512(1)(b). DirecTV asserts that it may seek damages for Bjornson's alleged violation of § 2512 pursuant to 18 U.S.C. § 2520, which provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation . . . ." 18 U.S.C. § 2520(a).

Although the Seventh Circuit has not yet considered this issue, numerous courts in this District have addressed it. The majority position is that § 2520 of the Electronic Communications Privacy Act does not create a private cause of action based on mere possession of an unscrambling device in violation of § 2512 because liability under § 2520 only arises if a defendant intentionally intercepts, discloses or uses a wire, oral or electronic communication in violation of § 2511 of the Act, which punishes wrongful use of communications. *See, e.g., Directv, Inc. v. Kamba*, 2004 U.S. Dist. LEXIS 8937, No. 03 C 8402 (N.D. Ill. May 13, 2004) (Manning, J.); *Directv, Inc., v. Delaney*, 2003 U.S. Dist. LEXIS 24262, No. 03 3444 (N.D. Ill. Nov. 21, 2003) (Kocoras, J.); *Directv, Inc. v. Castillo*, 2004 U.S. Dist. LEXIS 8525, No. 03 C 3456 (N.D. Ill. Jan. 2, 2004) (St. Eve, J.); *Directv, Inc. v. Bazzoli*, 2004 U.S. Dist. LEXIS 801, No. 03 C 3485 (N.D. Ill. Jan. 23, 2004) (Lefkow, J.); *Directv, Inc. v. Hinton*, 2004 U.S. LEXIS 6850, No. 03 C 8477 (N.D. Ill. Apr. 21, 2004) (Darrah, J.); *Directv, Inc. v. Frey*, 2004 U.S. Dist. LEXIS 6366, No. 03 C 3476 (N.D. Ill. Apr. 14, 2004) (Zagel, J.); *Directv, Inc. v. Hauser*, 2004

3

U.S. Dist. LEXIS 6360, No. 03 C 8396 (N.D. Ill. Apr. 13, 2004) (Moran, J.); *Directv, Inc. v. Rath*, 2004 U.S. Dist. LEXIS 6151, No. 03 C 50299 (N.D. Ill. Apr. 12, 2004) (Reinhard, J.); *Directv, Inc. v. Horn*, 2004 U.S. Dist. LEXIS 8225, No. 03 C 7803 (N.D. Ill. May 6, 2004) (Der-Yeghiayan, J.).

In contrast, however, other courts have found that § 2520 does allow a private right of action for mere possession under § 2512 because of the language in § 2520 allowing a civil remedy for use of a communication "in violation of this chapter." *See, e.g., Directv, Inc. v. Dillon*, 2004 U.S. Dist. LEXIS 7229, No. 03 C 8578 (N.D. Ill. Apr. 27, 2004) (Aspen, J.); *Directv, Inc. v. Dyrhaug*, 2004 U.S. Dist. LEXIS 5008, No. 03 C 8389 (N.D. Ill. Mar. 26, 2004) (Shadur, J.); *Directv, Inc. v. Perez*, 279 F. Supp. 2d 962 (N.D. Ill. 2003) (Coar, J.).

We are more persuaded by the majority's interpretation of § 2520. The plain language of § 2520 indicates that a private cause of action may only be had after interception, disclosure or use in violation of the Electronic Communications Privacy Act. Section 2512 criminalizes only the production, sale or possession of equipment primarily useful for unscrambling protected communications. These acts occur separately from interception and persons who engage in such acts may never engage in violations of § 2520. *Directv, Inc. v. Delaney*, 2003 U.S. Dist. LEXIS 24262, at *10. Therefore, we conclude that there is no private right of action based on allegations of mere possession of an unscrambling device in violation of § 2512.

Moreover, DirecTV has alleged that Bjornson violated 18 U.S.C. § 2511 in Count II. Section 2511 criminalizes any intentional attempted interception or use of protected communications. Thus, DirecTV may obtain relief under § 2511 if it can establish that Bjornson used the unscrambling device to intercept DirecTV's signals. This provides further support for

the Court's conclusion that there is no private right of action for mere possession in violation of § 2512. Accordingly, we grant the motion to dismiss Count III of DirecTV's complaint.

## II.  Common - Law Conversion

Bjornson also has asserted that Count V of DirecTV's complaint should be dismissed because DirecTV has failed to state a cause of action for conversion. To state a claim for conversion under Illinois law, a plaintiff must allege: (1) a right to the property; (2) the plaintiff's right to the immediate, absolute and unconditional possession of the property; (3) the defendant's unauthorized and wrongful assumption of control, dominion or ownership over the property; and (4) a demand by the plaintiff for possession of the property. *See Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). Bjornson argues that DirecTV has failed to properly allege any of these elements.

Bjornson relies mainly on language from the Illinois Supreme Court decision, *In Re Thebus*, 108 Ill. 2d 255 (1985). In that case, the court stated that an action for conversion ordinarily "lies only for personal property which is tangible, or at least represented by or connected with something tangible." 108 Ill.2d at 260 (quoting 18 Am.Jur.2d *Conversion* § 9, at 164 (1965)). Bjornson asserts that the property at issue in this case – satellite signals – are intangible, and therefore, it is impossible for him to exert absolute dominion or control over them. Bjornson further asserts that he cannot exert absolute control over these signals because DirecTV broadcasts them all over the world, and even unlawful interception would not deprive DirecTV from controlling these signals or its customers from receiving them.

The Illinois Appellate Court has reached conflicting results on the issue of whether an action for conversion must involve tangible property. In *Bilut v. Northwestern University*, 296

5

Ill. App. 3d 42 (1st Dist. 1998), the court restated the principle that an action for conversion lies only for tangible personal property. 296 Ill. App. 3d at 52. However, the court recognized an action for conversion of intangible assets in *Stathis v. Geldermann, Inc.*, 295 Ill. App. 3d 844, 856 (1st Dist.1998) (holding that the plaintiff could state a claim for conversion of ownership and control of a corporation in a corporate merger). *See also Conant v. Karris*, 165 Ill. App. 3d 783 (1st Dist. 1987) (holding that confidential information could be the subject of conversion).

While these cases do not settle the issue of whether intangible property may be the subject of conversion, we need not address this issue since DirecTV never was deprived of the ability to benefit from its encrypted signals. In both *Stathis* and *Conant*, the plaintiffs were entirely deprived of the ability to benefit from the property of the alleged conversions. Unlike the plaintiffs in those cases, DirecTV has not alleged that it was unable to access or control its signals, or that its transmissions to lawful subscribers were in any way affected by Bjornson's alleged wrongful interception. On the contrary, DirecTV continued to benefit from its transmitted signals throughout Bjornson's alleged interception. Therefore, DirecTV has not properly alleged an action for conversion under Illinois law. Accordingly, we grant the motion to dismiss Count V of DirecTV's complaint.

## CONCLUSION

For all of the foregoing reasons, the motion to dismiss Counts III and V of DirecTV's complaint is granted.

Wayne R. Andersen
United States District Judge

Dated: June 25, 2004